## The Delaware Coal & Ice Company *v.* Packer.

*(Circuit Court, D. New Jersey.* April 13, 1880.)

**Patent—New Combination of Old Elements—Omission of Claim.—** A distinct claim for each of the constituents of a new combination of old elements will not protect such combination where there has been no specific claim for the same.

Infringement of Patent.

*F. Kingman*, for complainant.

*Judge Buchanan*, for defendant.

NIXON, J.   The complainants are owners of certain letters patent, numbered 73,684, and dated January 21, 1868, issued to John Henry Wood, for "improvements on wagons for unloading coal," and have brought their suit against the defendant for infringing on the same.

The defendant, in his answer, denies (1) the novelty and usefulness of the patent, and (2) the alleged infringement.

The complainant's patent is for a mechanism to accomplish a certain result, to-wit: the unloading of coal, or other material, from wagons.   The inventor, in his specifications, calls it an *improvement* upon old devices for the same object, and he is entitled to have the benefit of all original devices or combinations that accomplish new and better results than existing organizations, but only for such.   Whatever he has incorporated into his patent from the common property of the public, at the date of his invention, still belongs to the public.   *Railway Co.* v. *Sayles*, 7 Otto, (97 U. S.) 554.

The first inquiry, then, will be, what is claimed as new in the complainant's patent?

The patentee says, in the schedules, that the nature of his invention consists in the funnel-shaped mouth, attached to the cart or wagon, in combination with the chute and valve. He claims (1) the attachment of a funnel-shaped or inclined mouth, D, of any material, to the rear or side of a cart or wagon, as herein described, and for the purpose set forth; (2) the valve or gate, E, at the end of the mouth, D, or in the chute or tube, G, when combined as herein described and for the purpose set forth; (3) the hinges or sliding chutes or tubes, H, when attached to an open mouth, or the end or side of a cart or wagon, for the purpose herein set forth.

He is presumed to know what he invented, and he tells us with sufficient clearness.   He must stand here upon his claims; for the thing patented is what the inventor claims, and not what he shows.   If he states these too narrowly, the law authorizes him to surrender the patent, and re-issue the same with ampler statements; but, until this is done, the courts cannot give him more than he asks for.   *Couse & Blood* v. *Johnson, Black & Co.* 16 Off. Gaz. 719.   He says the patent

is for a combination. Looking for the combination, we find three elements: (1) a funnel-shaped or inclined mouth, attached to the rear or side of the wagon; (2) a valve, at the end of the mouth or in the chute; and (3) hinged or sliding chutes, when attached to an open mouth, or to the side of the cart or wagon. It was not claimed on the argument that either of these elements is new. The first, standing alone, is clearly anticipated by the English letters patent, No. 2,909, and dated December 21, 1859, granted to Samuel Plimpsol, for "facilitating the unloading and transferring from railway wagons into carts, etc., coal and other matters, with which they may be loaded." The second is found in the letters patent, No. 14,301, issued to William Bell, on the twenty-ninth of February, 1856, where it is called a slide, and is used for the same purpose, and performs the same functions, as in the complainant's patent.

Indeed, it may be observed that, unless a very limited construction is given to the patent of the complainant, it is difficult to see how it can be allowed to stand at all, in view of the quite similar instrumentalities patented by Bell to accomplish the same results. He states that he has invented a new and improved method of depositing anthracite and bituminous coal in cellars, from carts and other vehicles, through scuttles in sidewalks, and that it consists in providing a conductor, and attaching the same to a hole in the bottom of a cart or other vehicle, of sufficient diameter to allow coal to pass through the same, through the coal scuttle and sidewalk, without dropping it upon the sidewalk, as before practiced, to the great annoyance of pedestrians, etc., and he claims, "a bed-plate, (attached to the under side of the tail end of the wagon,) conductor and slide, with the tube attachments, in connection with the hole in the cart or the vehicle, as set forth."

The third claim is for *hinged* or *sliding* chutes, when attached to an open mouth, or to the end or side of the cart or wagon. The proof is that *hinged* chutes, attached to an open mouth, had been used for several years anterior to the date of the application for the patent, at the trestle works of the Bel-

videre Railroad Company, at or near the eastern part of the city of Trenton, for the purpose of unloading coal from railway cars into the holds of vessels on the canal, and hence, standing alone, it must be pronounced void for embracing too much. Nor does the patentee claim that these elements, in themselves, are new, as his cross-examination abundantly shows. I find the following questions and answers on page 43 of his testimony, (Complainant's Rec., fol. 1110:)

*Question.* "Do you claim, as an original invention of yours, a telescopic tubing or chutes, independent of any connection such chutes or tubes may have with the mouth-piece?" *Answer.* "I only claim them in combination with a mouth-piece or spout, or attached to a cart or wagon."

*Q.* "Do you claim, as an invention of yours, the valve or gate, except when the same is used in combination with a chute, or tube, and the mouth-piece?" *A.* "I do not."

And at folio 1140:

*Q.* "Do you claim, as your invention, the mechanical contrivance of tubes or chutes, attached to an open mouth or mouth-piece, irrespective of the connection or non-connection of the mouth-piece with the cart or wagon." *A.* "I claim the whole combination for the purpose of unloading coal or other material."

*Q.* "Combination composed of what elements?" *A.* "Composed of one or more extension chutes or tubes, attached to the mouth-piece or spout on a wagon or cart."

*Q.* "Do each of these elements necessarily enter into and form a part of, and, when aggregated, complete your invention?" *A.* "They do, in connection with the gate or valve."

*Q.* "Do you claim that any one of these elements, separated from the others, is novel?" *A.* "*I do not think they are, but only in combination.*"

*Q.* "I understand you to claim that the combination of them all is novel; am I correct?" *A.* "You are."

Allowing the patentee, then, to explain his invention—and turning to the patent we find three separate claims for the three constituents of the combination, which he confesses are not new, but no claim for the combination itself—I know of

no principle of law which permits a patent thus issued to stand. Nothing here can be left to inference. It is the office of the claims of a patent to reveal to the world what the characteristics of the invention are for which the patentee desires protection. If he fails to state these fully and correctly, he may remedy the omission by a surrender and reissue, but until then the court has no power to give him relief against infringers.

I do not wish to be understood as affirming that if the inventor had formulated a claim for the combination to which he refers in his schedule that such a claim would have been valid as against the older Bell patent, before spoken of. It is not necessary to decide the question, in view of the fact that no claim of that sort has been made.

Judging of this case simply from the record, and without stepping outside to ascertain the state of the art at the time of the application for the complainant's patent, I should say that the most valuable part of the invention, if not the only novel part, was the use of sliding chutes in the delivery of coal from wagons or other vehicles. If the third claim had been for sliding chutes alone, and if a combination claim had also been put in with only these as one of the constituents of the combination, it would have been a great improvement upon the Bell combination, and would clearly have anticipated the Iske patent, No. 137,371, for "improvements in extension troughs for wagons," under which the defendant justifies the alleged infringement, in so far, at least, as that patent embraced the use of sliding chutes.

And this seems to have been the view of the patentee himself, for in his examination in chief, (Complainant's Rec. p. 5, fol. 90,) in response to the inquiry as to what he claimed as the principal feature of his invention, he replied: "The third claim of my patent, which is for hinged or sliding chutes or tubes, marked H in the drawing, fig. 1, when attached to an open mouth, or to the end or side of a cart or wagon, for the purpose of unloading coal or other material from a cart or wagon directly into a cellar or vault."

It appears, in the evidence, that the inventor employed a

patent attorney to put his invention into legal shape, to whom was entrusted the duty of drawing the claims. It is unfortunate that the person thus retained did not more fully get possession of the views of the inventor, and more correctly embody them in the claims of the patent. I can give no construction to them, as they have been formulated, which will make the defendant liable as an infringer, and the bill of complaint must be dismissed.